IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 10-cv-01204-REB-MJW

MONICA VOGEL,

    Plaintiff,

v.

MAHER SOLIMAN,

    Defendant.

## ORDER REMANDING CASE TO STATE COURT

**Blackburn, J.**

This matter is before me on the **Defendant's Notice of Removal To Federal Court** [#1][1] filed May 25, 2010. The defendant, Maher Soliman, seeks to remove to this court a case in initiated in state court by the filing of a Petition for Dissolution of Marriage With Children. *Notice of Removal* [#1], Exhibit A. Federal courts do not have jurisdiction over cases involving divorce, child custody, and related issues. I remand this case to the state court *sua sponte*.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), an action may be removed from a state court to federal district court if the action is one over which the district court would have had original jurisdiction. When the basis of removal allegedly is diversity of citizenship, as it is here, the parties must be completely diverse and the amount in controversy must

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

exceed seventy five thousand dollars, exclusive of interest and costs. **See** 28 U.S.C. § 1332. These facts "must be affirmatively established on the face of either the petition or the removal notice." **Laughlin v. Kmart Corp.**, 50 F.3d 871, 873 (10th Cir. 1995).

> In determining whether diversity of citizenship exists, a court looks to the citizenship of the real parties in interest; and where there is complete diversity between them, the presence of a nominal party with no real interest in the controversy will be disregarded. Jurisdiction is not ousted by the joinder or nonjoinder of mere formal parties.

**Hann v. City of Clinton, Okl. ex rel Schuetter**, 131 F.2d 978, 981 (10th Cir. 1942).

Long-established authority from the United States Supreme Court and numerous federal circuit courts of appeal provides that federal courts do not have diversity jurisdiction over domestic relations cases:

> We conclude . . . that the domestic relations exception, as articulated by this Court since **Barber** [**v. Barber**, 21 How. 582, 584, 16 L.Ed. 226 (1858)], divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders.

**Ankenbrandt v. Richards**, 504 U.S. 689, 703 (1992). "Its is now well established that federal courts do not have diversity jurisdiction to grant a divorce or annulment, determine support payments, or award custody of a child." **Vaughn v. Smithson**, 883 F.3d 63, 64 (10th Cir. 1989).

## II. REMOVAL ANALYSIS

The allegations in the notice of removal [#1] filed by Maher Soliman in this case demonstrate without question that I do not have jurisdiction over this case. Soliman states that he is named as the defendant (sic) in a petition for dissolution of marriage filed in state court. *Notice of removal* [#1], p. 1. He asserts that this court has jurisdiction over this case because the parties are citizens of different states and the

2

amount in controversy is in excess of seventy five thousand dollars. *Id.*, p. 2. Soliman describes the nature of the case as "Dissolution of Marriage; Child Custody and Visitation and Support." *Id.* (capitalization in original). This case falls precisely within the domestic relations exception to this court's diversity jurisdiction under 28 U.S.C. § 1332. Under 28 U.S.C. § 1447(c), if it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court from state court, then "the case shall be remanded" to state court. This case must be remanded to the state court.

### III. ORDER

**THEREFORE, IT IS ORDERED** that this case is **REMANDED** to the District Court of Jefferson County, Colorado (where it was filed originally as Case No. 2010DR2010).

Dated May 27, 2010, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

3